IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAMAR KING,           :       No. 3:13cv2045
          Petitioner    :
                        :       (Judge Munley)
    v.                      : (Magistrate Judge Schwab)
                        :
WARDEN BRENDA TRITT,          :
          Respondent   :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Susan E. Schwab's report and recommendation (hereinafter "R&R"), which proposes dismissing the instant habeas corpus petition as untimely. Petitioner Derrick L. King (hereinafter "petitioner") has filed objections to the report and recommendation, bringing the case to its present posture.

**Background**

On September 8, 2004, a York County Pennsylvania Court of Common Pleas jury convicted petitioner of burglary. (Doc. 13 at 20, Criminal Dckt.). The court sentenced him on June 29, 2005 to a term of three (3) to ten (10) years of imprisonment on the burglary charge. (Id. at 23). Petitioner appealed to the Superior Court of Pennsylvania, which affirmed the conviction. Commonwealth v. King, 928 A.2d 1124 (Pa. Super. Ct. 2007). Petitioner filed a petition for allowance of appeal with

the Pennsylvania Supreme Court.  The court denied the petition on July 26, 2007.  (Doc. 13 at 60).

Petitioner subsequently filed two Post Conviction Relief Act ("PCRA") motions in state court.   He filed the first on March 17, 2008.  The state court held a hearing and denied the motion on August 7, 2008.  (Id. at 29, 72).  Petitioner appealed to the Pennsylvania Superior Court, which affirmed the state court's denial.  (Id. at 68).  Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the court denied on February 2, 2010.  (Id.  at 77).  Petitioner filed the second PCRA petition in May of 2011.  It was denied by the trial court and Pennsylvania Superior Court on March 13, 2012.  (Id. at 88).

More than three years after the denial of his initial PCRA motion, petitioner, on July 30, 2013, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254 (hereinafter "section 2254 petition" or "habeas corpus petition"). (Doc. 1).  Respondent filed a motion to dismiss the habeas corpus petition as untimely based on the one-year statute of limitations for such petitions.  The parties do not dispute that the statute of limitations had run on petitioner's section 2254 petition by July 30, 2013 unless the statute should be equitably tolled or an exception to the statute

of limitation exists.

Petitioner argues that the statute of limitations should be equitably tolled based upon his mental incompetence.  He also argues that an equitable exception to the statute of limitations is applicable - that is, he is actually innocent and has newly discovered evidence to establish his innocence.  Magistrate Judge Schwab examined both of these issues and found that neither equitable tolling nor an equitable exception applies to the petitioner.  Thus, she suggests granting the respondent's motion to dismiss.  Petitioner has filed objections to the report and recommendation, bringing the case to its present posture.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate

judge with instructions.  Id.

**Discussion**

The instant matter arises from a habeas corpus petition for relief under 28 U.S.C. § 2254, which provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The statute of limitations for filing a petition under § 2254 is one year. Specifically, the law provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to

>cases on collateral review; or
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the instant case, petitioner asserts that the statute of limitations should be tolled because of his mental incompetence or an exception should apply because newly discovered evidence establishes he is actually innocent of the crime. Magistrate Judge Schwab rejected both arguments, and the petitioner objects. We will address each claim separately.

**1) Equitable Tolling**

Petitioner's initial argument is that the statute of limitations should be tolled for equitable reasons. The United States Supreme Court has held that the statute of limitations for section 2254 petitions may be tolled for equitable reasons in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). The Court explained that such tolling is only available where the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks and citation omitted).

In the instant case, petitioner asserts that an extraordinary

5

circumstance stood in the way of his filing, that is he suffers from mental incompetence that prevented him from meeting the statute of limitations.

When determining whether extraordinary circumstances justify an equitable extension of the section 2254 statute of limitations, courts examine the "totality of the circumstances." Champney v. Sec'y Pa. Dept. of Corrections, 469 F. App'x 113, 117 (3d Cir. 2012). Factors to consider include the following:

> (1) whether the petitioner was adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) whether the petitioner was institutionalized for his mental impairment; (3) whether the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) whether the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and or/medications.

Id. at 118 (citing Passmore v. Pennsylvania, No. 08-705, 2008 WL 2518108 at 3 (M.D. Pa., 2008) (editing marks omitted)). This list of factors is not exhaustive. Id.

With regard to most of these factors, the R&R does not differ greatly from the petitioner's position. For example, it is not disputed that the petitioner has not been adjudicated incompetent. The state, however, did institutionalize him for his mental impairment in a sense because he was

placed in Psychiatric Observation Cells for several periods during his incarceration after he had attempted to commit suicide. Additionally, he did support allegations of impairment by providing medical records.

The dispute in this case involves the nature and extent of petitioner's mental impairment and whether it prevented him from timely filing a section 2254 petition. The R&R points out that the petitioner primarily relies upon his illiteracy and lack of an education rather his than psychiatric issues which are anxiety, stress, and anti-social disorder. Lack of education and illiteracy, however, do not favor equitable tolling. Mendez v. Superintendent SCI-Huntingdon, No. 1:13cv1137, 2013 WL 3894865 at *3 (M.D. Pa. July 26, 2013) (collecting cases).

Additionally, the psychiatric issues petitioner complains of such as anxiety, stress or depression are all normal incidents of prison life that should not be used as an excuse to justify late filing.[1] See Martin v. Ayers, 41 F. App'x 972 (9th Cir. 2002); United States v. Harris, 268 F. Supp. 2d

---

[1] The petitioner has attempted suicide numerous times while incarcerated. However, as noted by the Magistrate Judge, and not objected to by the petitioner: "[F]ollowing each suicide attempt, [petitioner] was essentially rehabilitated and prescribed medications that helped him cope with prison life, which, again, he told doctors was the trigger for his suicide attempts." (Doc. 32, R&R at 23). Moreover, it is undisputed that the final attempt occurred while 178 days remained on his section 2254 statute of limitations.

500 (E.D. Pa. 2003). Further, with regard to petitioner's mental incompetency, the Magistrate Judge states: "I find the [prison health] assessor's assessment of King's psychological abilities to be highly credible, wherein the assessor noted that King's I.Q. score does not adequately reflect King's true level of intelligence and he could be feigning for secondary gain." (Doc. 32, R&R at 22).

Most telling, however, petitioner has engaged in litigation since his incarceration and denial of his direct appeal. For example, he filed a Post Conviction Relief Act (hereinafter "PCRA") motion in state court, which he litigated all the way to the Pennsylvania Supreme Court. That court denied his petition for allowance of appeal on February 2, 2010 after which petitioner could have filed his section 2254 motion. He did not file the motion, however, until July 2013.

Notably, petitioner had at least one other inmate to assist him with his legal filings, Norman Johnston. Johnston testified at the hearing before Judge Schwab. He indicated that he offered to help petitioner filing his federal habeas corpus petition after petitioner lost his PCRA appeal in the Superior Court and once he finished drafting the petition for allowance of appeal in the Supreme Court of Pennsylvania. (Doc. 35, Notes of

Testimony, March 14, 2014 at 46).   Petitioner also testified that Johnston pointed him in the general direction of the habeas corpus statute.  (Id. at 34).

Based on all the above, we find that mental incompetence did not prevent petitioner from timely filing a section 2254 petition.  Thus, equitable tolling cannot be used to extend the statute of limitations.

**2) "Miscarriage of Justice" exception**

The second theory under which petitioner could possibly establish that his petition is not time barred is the "equitable exception" or "miscarriage of justice" exception to the statute of limitations.  To avoid a miscarriage of justice, a federal court may entertain a section 2254 habeas corpus petition where that petition raises a convincing claim of actual innocence even if the statute of limitations for such a petition has expired. McQuiggin v. Perkins, 133 S. Ct. 1924, 1934-35 (2013).   The miscarriage of justice exception may only be used where a petitioner demonstrates "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Id. at 1935 (internal quotation marks and citation omitted).

The purpose of the miscarriage of justice exception is to "balance

societal interests in the finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." Schlup v. Delo, 513 U.S. 298, 324 (1995). The exception is narrow, and applies only where the defendant is "actually innocent" of the charges. An example of evidence that establishes actual innocence is a credible confession to the crime by another person. Sawyer v. Whitely, 505 U.S. 333, 340-41 (1992).

In the instant case, the new evidence that petitioner seeks to provide is testimony from an alleged witness to the crime, Kristopher Harris. Petitioner met this witness years after the crime while he was in prison. Petitioner presented this witness's affidavit which provides as follows:

> I am willing to testify to the actual innocence of [the petitioner] as it relates to his conviction of the house of 612 Company Street, in York, PA. I saw the Burglar, he is "light skinned," and [King] is very "dark skinned," that's how I know it was "not" him.

(Doc. 20-2). As follows, the R&R points out that this evidence is not reliable:

> Not only are the circumstances under which this affidavit arose suspicious, but "[i]t is . . . [also] reasonable to presume that there is something suspect about a defense witness who is not identified until after the 11th hour has passed."

> Taylor v. Illinois, 484 U.S. 400, 414 (1988).  With respect to the surrounding circumstances, King testified at the evidentiary hearing that while he was in the prison yard at SCI Dallas he told Harris that "[the police] arrested [him (i.e. King)] for some burglaries out of York County." HT. 21.  Thereafter, based solely on that statement, King asserted that Harris miraculously provided him with all of the details of the actual burglary, and then the two men worked together in order for King to file a second PCRA petition presenting this "newly discovered" evidence.  Id. at 21-22

(Doc. 32, R&R at 26).

We agree with the R&R and will overrule the petitioner's objections. The evidence at issue is not such that no reasonable jury would have convicted the petitioner had they heard it.  An affidavit was written by someone the petitioner met in jail indicating that more than seven years earlier that person had witnessed the burglary at issue and the skin of the perpetrator was lighter than that of the petitioner.[2]  This evidence does not rise to the level of a credible confession to the crime by someone else or scientific/DNA evidence that precludes the petitioner from being perpetrator of the crime.  A reasonable juror could consider this evidence in addition to the other evidence in the case and nonetheless  find the

---

[2]The Superior Court opinion on petitioner's second PCRA motion indicates that petitioner obtained the "new evidence" in March of 2011. (Doc. 13 at 7).  As set forth above, the burglary occurred in October 2003.

11

accused guilty.

Other strong evidence supports the underlying state court conviction. A York County jury convicted defendant of burglarizing a residence located at 612 Company Street, York, Pa., on October 26, 2003.  Items stolen during the burglary included a digital camera, a Swiss watch and a collection of state quarters.  The victim caught the perpetrator in the act of burglarizing his house and was able to view him for some seconds before the burglar realized he was being watched.

At trial the victim identified the defendant as the perpetrator. Additionally, petitioner's thumb print was found on a bowl from which the state quarters were stolen.[3]  Based upon the evidence, including the eyewitness testimony of the victim and the petitioner's thumb print being found at the scene of the crime, the petitioner was found guilty.

---

[3]Petitioner objects to the R&R because it reviews the evidence that was presented against the defendant in a different case.  It appears that this objection has merit, but it does not require us to reverse the R&R.  The additional evidence in the appropriate case was even more damaging to the defense than the evidence that the R&R discussed.  We have derived the facts regarding the evidence from the briefs filed by the Commonwealth and defense on petitioner's direct appeal in state court to the Pennsylvania Superior Court.  See 2007 WL 1198950; 2007 WL 1198951.  The opinion from Superior Court was not provided by either party.  The facts presented in the state court appellate briefs are not substantially different from each other.

It is not convincing to argue that they jury would have found the defendant not guilty had an alleged eyewitness, who petitioner met in prison, testifed that the perpetrator's skin color is lighter than the defendant's skin color.  Accordingly, the petitioner's claim of the "miscarriage of justice" exception to the section 2254 statute of limitations based upon an assertion of "actual innocence" will be denied.

**Conclusion**

For the reasons set forth above, we will adopt the conclusion of the report and recommendation that the statute of limitations should not be equitably extended and that the miscarriage of justice exception is inapplicable.  An appropriate order follows.

**Date: June 24, 2013**                              **s/ James M. Munley**
                                                    **Judge James M. Munley**
                                                    **United States District Court**